## Case No. 1,335.·

### BENTON v. WHITNEY.

[Crabbe, 417.] [1]

District Court, E. D. Pennsylvania. March 27, 1841.

SEAMEN—WAGES—FORFEITURE—ASSAULT—
WEAPON—BURDEN OF PROOF.

1. In an action by a seaman for his wages, where the owner or master endeavors to deprive him of them by an allegation of misconduct, the respondent will be held to strict proof, and be required to make out a clear case.

2. In an action by a seaman against his officer for assault and battery, the libellant must make out a clear case, by credible and consistent proof.

3. The weapon used by an officer for punishing a seaman is always a subject of consideration and weight with the court.

[See Jarvis v. The Clairborne. Case No. 7,-225; Schelter v. York, 1d. 12,446.]

In admiralty. This was a libel [by James S. Benton against John Whitney] for assault and battery. [Libel dismissed.]

It appeared that the vessel of which the respondent was master, and on board of which the alleged assault and battery took place, had been twelve days in port before

[1] [Reported by William H. Crabbe, Esq.]

this suit was brought, or any complaint made by the libellant of ill usage. The master refused to pay the libellant's wages on the ground of his misconduct, upon which a suit was commenced for the wages, and this libel filed for the assault and battery. On the hearing of the case for the wages a decree was given for the libellant, the court not thinking that sufficient cause was shown either to forfeit or reduce the amount claimed. In support of this charge of assault and battery two witnesses were examined; they gave very different and, on some points, contradictory accounts of the affair, and, at worst, it seemed to have been one of those sudden affrays, provoked by some impertinent language used by the libellant in reply to an order, which frequently occur on board of vessels. No serious injury was done to the libellant.

H. Hubbell, for libellant.
Austin, for respondent.

HOPKINSON, District Judge, delivered the following opinion:

In an action by a mariner for his wages, in which he seeks for nothing but a remuneration for his labor, and the owner or master of the vessel endeavors to deprive him of it by an allegation of a forfeiture, or to make deductions by charges of misconduct, I hold the respondent to strict proof, and require of him to show clearly, a good and sufficient cause for the defence. I will not defeat such a claim, and take from the man his hard earnings for services which have been rendered and received, for unimportant acts of disobedience, or rude and impertinent language, unless it be of a very gross character or dangerous to the discipline of the ship, and subordination of her crew; faults which such men as seamen commit without any serious design of insubordination or insult, but which masters and mates, not unfrequently as rough as their men, are fond of calling mutiny, to resist a demand for wages. We do not look for the manners of a drawing-room on board of a ship, nor should we punish as an assault and battery those violations of the pride or person of a sailor, which in another class of men must be repressed or they would lead to mortal consequences. While, therefore, in a suit brought by a sailor for his wages, I would make every reasonable presumption to protect him from loss, on the other hand, if he brings his officers here for an assault upon him, to which he is frequently instigated by bad advisers on shore, I reverse the proceeding, and require him to make out a clear case by credible and consistent proof. I throw the burden on him, with no disposition to favor frivolous complaints, or encourage such litigation. It is not enough to show on the part of the officer, coarse and threatening language, it is the idiom of the sea, "signifying nothing;" nor even a rash and perhaps unnecessary blow, for if such occurrences are

to be the grounds of these suits, a vessel will seldom come into port, without furnishing more or less of them. Officers will be under such an apprehension of them, that they will be unable to maintain that discipline, which is essential to the safety of all. But when I can see there has been a deliberate design to oppress a seaman, an assault upon him to gratify some personal ill will, or indulge a vindictive temper; or where there has been a wanton and tyrannical abuse of power; or if a serious injury has been inflicted by the violence of passion, however sudden, in such cases, redress for the wrong will always be found in this court, so far as I am capable of affording it. Obedience and submission are the duty of a sailor on his voyage, and the law rewards him for them, by an ample protection against wrong, when he reaches his port, and comes within the power of the law. The weapon used by an officer for punishing a seaman is always a subject of consideration and weight with the court.

Actions for assault and battery were first brought in this court, since I came upon the bench. They were formerly prosecuted in common law courts of the state, where the delay in obtaining a trial, the difficulty of having witnesses at the trial, and the heavy expense, were sufficient discouragements to prevent frivolous and vexatious suits. But the speedy trial to be had here, with little or no advance of money, where something may be gained and nothing lost, for the plaintiff cannot pay the legal costs if he is unsuccessful, has been a great encouragement to trifling complaints, and experimental suits, which are determined in a few days. He may therefore venture on any chance, however desperate; he may get something; he can lose nothing. I desire to discountenance such experiments, but will freely open the door, to correct every serious abuse of the power given to the officers of a vessel to preserve her necessary discipline, and not for the indulgence of a cruel and vindictive temper, or the outbreaks of unrestrained and violent passions. In this case I do not think that the libellant has given sufficient evidence to support his complaint. Let the libel be dismissed.